# UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

| | |
|---|---|
| BARBARA WILEY,<br>      Appellant, | DOCKET NUMBER<br>DC-0843-15-0925-A-1 |
| v. | |
| OFFICE OF PERSONNEL<br>   MANAGEMENT,<br>      Agency. | DATE: July 27, 2022 |

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

Stephen Domenic Scavuzzo, Esquire, McLean, Virginia, for the appellant.

Tynika Faison Johnson, Washington, D.C., for the agency.

## BEFORE

Cathy A. Harris, Vice Chairman
Raymond A. Limon, Member
Tristan L. Leavitt, Member

## FINAL ORDER

The appellant has filed a petition for review of the addendum initial decision, which denied her motion for attorney fees. Generally, we grant petitions such as this one only when: the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. See 5 C.F.R. § 1201.117(c).

interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed.  Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review.  Therefore, we DENY the petition for review.  Except as expressly MODIFIED by this Final Order to address the appellant's argument that the Board should award her attorney fees as a sanction against the agency, we AFFIRM the initial decision.

## DISCUSSION OF ARGUMENTS ON REVIEW

¶2		The appellant previously filed a pro se appeal of a final decision of the Office of Personnel Management (OPM) that found her daughter ineligible for child survivor benefits.  *Wiley v. Office of Personnel Management*, MSPB Docket No. DC-0843-15-0207-I-1, Initial Appeal File (0207 IAF), Tab 1.  The administrative judge issued an initial decision that vacated OPM's final decision, finding that the regulation OPM relied upon in denying the benefits was contrary to statute and, thus, invalid.  0207 IAF, Tab 11, Initial Decision (0207 ID) at 3-5. She therefore remanded the matter to OPM for further adjudication and the issuance of a new final decision.  0207 ID at 6.  Neither party petitioned for review, and the initial decision became the Board's final decision.

¶3		Thereafter, OPM issued a second final decision, again finding the appellant's daughter ineligible for child survivor benefits.  *Wiley v. Office of Personnel Management*, MSPB Docket No. DC-0843-15-0925-I-1, Initial Appeal File (0925 IAF), Tab 1 at 4-7.  The appellant obtained counsel and appealed

OPM's decision to the Board. 0925 IAF, Tabs 1, 4. While the appeal was pending, OPM rescinded its decision and the administrative judge consequently issued an initial decision dismissing the appeal for lack of jurisdiction. 0925 IAF, Tab 10, Initial Decision.

¶4 After the second initial decision became final when neither party petitioned for review, the appellant filed a motion for attorney fees incurred during her second Board appeal. *Wiley v. Office of Personnel Management*, MSPB Docket No. DC-0843-15-0925-A-1, Attorney Fees File (AFF), Tab 1. She informed the Board that OPM had issued a decision awarding child survivor benefits to her daughter and that, because OPM reversed its initial denial of benefits as a result of her filing the Board appeal, she was entitled to an award of attorney fees. *Id.* at 4-5. The administrative judge issued an addendum initial decision denying the motion, finding that the appellant was not entitled to an award of attorney fees because she was not a prevailing party under *Buckhannon Board & Care Home, Inc. v. West Virginia Department of Health & Human Resources*, 532 U.S. 598 (2001). AFF, Tab 8, Addendum Initial Decision (AID) at 3-4.

¶5 The appellant has filed a petition for review, and the agency has responded in opposition. Petition for Review (PFR) File, Tabs 1, 3. In her petition for review, the appellant does not challenge the administrative judge's finding that she was not a prevailing party under *Buckhannon*, and we discern no basis to disturb that finding. Rather, the appellant argues that she is entitled to an award of attorney fees as a sanction against OPM for its failure to comply with the administrative judge's first initial decision, 0207 ID. PFR File, Tab 1 at 4-6. We find this argument unavailing.

¶6 Here, although the appellant is seeking a sanction against OPM for noncompliance, she did not seek compliance with the Board by filing a petition for enforcement. Even if she had sought compliance, however, the Board is not authorized to impose an award of attorney fees as a sanction in compliance proceedings; it is limited to the sanction of withholding the pay of the agency

employee responsible for the lack of compliance. 5 U.S.C. § 1204(e)(2)(A); *see Tubesing v. Department of Health & Human Services*, 115 M.S.P.R. 327, ¶ 21 (2010). Moreover, the Board has held that the purpose of sanctions in compliance proceedings is to obtain compliance and that, once compliance is achieved, sanctions are inappropriate. *Martin v. Department of Justice*, 86 M.S.P.R. 13, ¶ 2 (2000). Therefore, because the appellant asserts that OPM has complied with the first initial decision, it would be inappropriate for the Board to impose sanctions in this case even if her request had been made during the course of compliance proceedings.

¶7    In addition, as correctly noted by the administrative judge, although the appellant was the prevailing party in her first appeal, she appeared pro se and thus is not entitled to claim attorney fees based on that decision. AID at 4 n.2; *Holmes v. Office of Personnel Management*, 99 M.S.P.R. 330, ¶ 6 (2005) (explaining that, to be entitled to an award of attorney fees, an appellant must prove an attorney-client relationship). Accordingly, we find that the appellant has provided no basis to disturb the administrative judge's finding that she is not entitled to an award of attorney fees.

## NOTICE OF APPEAL RIGHTS[2]

The initial decision, as supplemented by this Final Order, constitutes the Board's final decision in this matter. 5 C.F.R. § 1201.113. You may obtain review of this final decision. 5 U.S.C. § 7703(a)(1). By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file. 5 U.S.C. § 7703(b). Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and

---

[2] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions. As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

the rights described below do not represent a statement of how courts will rule regarding which cases fall within their jurisdiction.  If you wish to seek review of this final decision, you should immediately review the law applicable to your claims and carefully follow all filing time limits and requirements.  Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case.  If you have questions about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

**(1) Judicial review in general**.  As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be received by the court within **60 calendar days** of the date of issuance of this decision.  5 U.S.C. § 7703(b)(1)(A).

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

> U.S. Court of Appeals
> for the Federal Circuit
> 717 Madison Place, N.W.
> Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation

for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

**(2) Judicial or EEOC review of cases involving a claim of discrimination**. This option applies to you <u>only</u> if you have claimed that you were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination. If so, you may obtain judicial review of this decision—<u>including a disposition of your discrimination claims</u>—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** <u>after you receive</u> this decision. 5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. ____ , 137 S. Ct. 1975 (2017). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the district court no later than **30 calendar days** <u>after your representative</u> receives this decision. If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court‑appointed lawyer and to waiver of any requirement of prepayment of fees, costs, or other security. *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of <u>your discrimination claims only, excluding all other issues</u>. 5 U.S.C. § 7702(b)(1). You must file any such request with the EEOC's Office of Federal Operations within **30 calendar days** <u>after you receive</u> this decision. 5 U.S.C. § 7702(b)(1). If you have a representative in this case, and your representative receives this decision before you do, then you must file

with the EEOC no later than **30 calendar days** <u>after your representative receives</u> this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C.  20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C.  20507

**(3) <u>Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012</u>**.  This option applies to you <u>only</u> if you have raised claims of reprisal for whistleblowing disclosures under <u>5 U.S.C. § 2302</u>(b)(8) or other protected activities listed in <u>5 U.S.C. § 2302</u>(b)(9)(A)(i), (B), (C), or (D). If so, and your judicial petition for review "raises no challenge to the Board's disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.[3]  The court of appeals must <u>receive</u> your

---

[3] The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017.  The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction. The All Circuit Review Act is retroactive to November 26, 2017.  Pub. L. No. 115-195, 132 Stat. 1510.

petition for review within **60 days** of the date of issuance of this decision. 5 U.S.C. § 7703(b)(1)(B).

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

FOR THE BOARD:                              /s/ for

Jennifer Everling
Acting Clerk of the Board

Washington, D.C.